UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

DWIGHT MARCUS RIFFE,          )
                              )
        Plaintiff,            )        Civil Action No. 5: 25-265-DCR
                              )
V.                            )
                              )
FRANK BISIGNANO,              )        **MEMORANDUM OPINION**
Commissioner of Social Security, )        **AND ORDER**
                              )
        Defendant.            )

*** *** *** ***

Plaintiff Dwight Marcus Riffe has filed a second motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Record No. 17] Riffe filed this action on July 28, 2025, claiming that the Administrative Law Judge's decision denying disability benefits was not supported by substantial evidence. [Record No. 1] After Riffe filed a brief supporting his claims, the Commissioner filed an unopposed motion to remand the case to the Social Security Administration for rehearing pursuant to sentence four of 42 U.S.C. § 405(g). [Record Nos. 7 and 10] The Court granted the motion to remand. [Record No. 11]

Riffe initially moved for attorney's fees on March 17, 2026; however, the motion was denied as premature. [Record Nos. 12 and 16] The second motion for fees requests that the plaintiff's attorney be compensated at the rate of $255.90 per hour for 33 hours of attorney work and $125 per hour for 6.7 hours of paralegal work, which would result in an award of $9,282.20 in fees. [Record No. 18 at 2] The Commissioner objects to a part of the current request.

-1-

## I.

The EAJA requires payment of fees and expenses to the prevailing party in an action against the United States unless the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA specifies that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [but] shall not [exceed] $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." § 2412(d)(2)(A).

A party seeking an award of fees and expenses must submit an application within 30 days after final judgment, which includes "(1) a showing that the applicant is a prevailing party; (2) a showing that the applicant is eligible to receive an award . . . and (3) a statement of the amount sought together with an itemized account of time expended and rates charged." *Scarborough v. Principi*, 541 U.S. 401, 408 (2004) (citing § 2412(d)(1)(B)). The party also must allege and show that the United States' position was not substantially justified. *Id.*

## II.

Riffe is a "prevailing party" under the statute because his case was remanded under sentence four of 42 U.S.C. § 405(g). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993) ("A sentence four remand makes the plaintiff a 'prevailing party' under the EAJA.")). And he is eligible to receive an award under the EAJA because his "net worth did not exceed $2,000,000 at the time the civil action was filed." *See* § 2412(d)(2)(B); [Record Nos. 18 at 1 and 18-7 at 2]

Counsel for the plaintiff, Julie Atkins, has provided an itemized account of the time spent on this case. [Record Nos. 8-4, 8-5, and 8-6] Finally, by acknowledging that an award

-2-

of EAJA fees is appropriate in this case, the United States concedes that its position was not substantially justified.  [Record No. 19 at 1]

Although the Commissioner agrees that EAJA fees are warranted, he objects to the requested paralegal rate because Riffe has not justified a departure from the prevailing rate typically approved in this district.  [*Id*. at 1–8] The Commissioner further argues that the attorney and paralegal hours for which Riffe's counsel seeks reimbursement are excessive and/or include tasks not compensable under the EAJA.  [*Id*.] The Commissioner requests that the Court reduce the 33 hours of attorney time to 25.2 hours, and the 6.7 hours of paralegal time to 2.6 hours.  [*Id*. at 8–9] He also requests that the paralegal hourly rate be reduced from $125.00 per hour to $100.00 per hour.  [*Id.*] This would result in an EAJA fees award amount of $$6,708.68.  [*Id*.]

According to Atkins, the length of the record merits the hours she reports and she further contends that the Commissioner's arguments regarding inefficiencies are unsupported. [Record No. 20 at 2–7] In addition, Atkins argues that the paralegal hours billed are not clerical.  [*Id.* at 7–9] She also requests an additional 4.6 hours for drafting the reply, bringing the total EAJA amount requested to $10,459.34.  [*Id.* at 9]

### Hourly Rates

Although not contested by the Commissioner, the Court has reviewed the requested hourly rate for attorney's fees in this case.  Riffe submitted information and documentation regarding the 2025 Consumer Price Index-South, as well as affidavits from two attorneys regarding the typical hourly rate in the Eastern District of Kentucky.  [Record Nos. 18-1, 18-2, 18-3] Considering the information and documentation provided, the requested attorney hourly rate of $255.90 is reasonable for this case.  *See Doucette v. Comm'r of Soc. Sec*., 13

F.4th 484, 491 (6th Cir. 2021) (finding a range of comparable hourly market rates between $205 and $500).

Regarding the requested paralegal hourly rate, the Commissioner argues that courts in this district have previously and routinely approved a $100 hourly rate for paralegal work in Social Security cases and that Riffe has provided no evidence showing that the prevailing rate in this district supports the requested $125 hourly rate. [Record No. 19 at 3 (citing *Bland v. Kijakazi*, No. 5:21-CV-179-REW, 2022 WL 16948564, at *2 (E.D. Ky. Nov. 14, 2022); *McPherson v. Kijakazi*, No. 3:21-036-DCR, 2022 WL 3269046, at *2 (E.D. Ky. Aug. 10, 2022); *Pendleton v. Comm'r of Soc. Sec.*, No. 5:19 CV-00474-MAS, 2022 WL 885765, at * (E.D. Ky. Mar. 22, 2022))] Thus, the Commissioner requests that the Court reduce the rate for any compensable paralegal services in this case to $100 per hours. [*Id.*]

Riffe contends in reply that a $125 hourly rate is reasonable and consistent with prevailing practices. [Record No. 20 at 1–2] He cites another case from this district approving a paralegal rate of $125 per hour, although the United States did not contest the rate in that matter. [*Id.* at 1 (citing *Webb v. Comm'r of Soc. Sec.*, No. 5:25-cv-00038-KKC, Dkts. No. 15 at 2, 17)] Riffe also relies on a 2024 report from the National Association of Legal Assistances, which analyzes paralegal responsibilities, compensation, and billing practices nationwide and reflects average hourly billing rates between $133 and $139. [*Id.* at 1–2 (citing Record No. 20-1 at 34)] In addition, Riffe argues that rising costs of goods and services further support the reasonableness of a $125 hourly rate. [*Id.*]

After reviewing the fee awards in this district, the Court concludes that a $100 hourly rate for paralegal work remains appropriate, and nothing in the record suggests that a departure is warranted. *See e.g. Hack v. Bisignano*, 2026 WL 1396213, at *2 (E.D.Ky., 2026); *Whitley*

-4-

*ex rel. S.B. v. SSA*, 2026 U.S. Dist. LEXIS 66966, at *15 (E.D. Ky. Mar. 30, 2026). Accordingly, any paralegal fees awarded in this case will be calculated at a rate of $100 per hour, consistent with the prevailing practice in this district.

### Hours Claimed

Next, Riffe seeks reimbursement for 39.7 total hours: 33 attorney hours and 6.6 paralegal hours. [Record Nos. 18 at 2; 18-4, 18-5, 18-6] But the Commissioner argues that several billing entries are excessive or non-compensable under the EAJA. [Record No. 19 at 4] Specifically, he contends that 29.6 hours billed to prepare and file the Plaintiff's Brief is excessive, given the routine and non-novel issues presented. [*Id.* at 5] According to the Commissioner, counsel had already identified the relevant issues before briefing, and the case required neither a reply brief nor oral arguments because the Commissioner moved to remand after Riffe filed her opening brief. [*Id.*] The Commissioner also cites to courts within the Sixth Circuit that reduced the number of billed hours for which EAJA fees are awarded where the "litigation did not include unusual or novel issues, and did not require reviewing an opposition brief, preparing a reply brief, preparing for oral argument, or other significant merits litigation post-filing of Plaintiff's merits brief." [*Id.* at 5–6 (citing *Cashmer v. Kijakazi*, No. 7:21-cv-13-JMH, 2022 WL 1039778, at *3 (E.D. Ky., Apr. 6, 2022) (reducing award from 40 to 30 hours despite voluminous record because no reply brief was required "issues of this case were not complex, nor unusual, and did not require such arduous research so as to justify such expenditure"); *Plotecher v. Comm'r of Soc. Sec.*, No. 2:18-CV-00010, 2019 WL 13213051, at *3 (W.D. Mich. Oct. 1, 2019) (reducing reimbursable briefing hours from 26.8 to 20 hours in a case involving standard arguments and no oral argument or supplemental briefing).)]

The Commissioner further argues that counsel spent excessive time reviewing the administrative record, taking notes on it, and drafting the procedural history and factual summary. [Record No. 19 at 1–8] For example, the Commissioner challenges the 16.6 hours spent reviewing the administrative record, taking notes, and organizing facts because the same law firm, Olinsky Law Group, previously raised similar issues before the Appeal's Council on Riffe's behalf. [*Id.* at 5] The Commissioner also argues that the 3.1 hours spent drafting the procedural history and factual summary is excessive given the brief's four-page factual and procedural section and routine nature of the issues presented. [*Id.* at 6] Accordingly, the Commissioner proposes reducing attorney time by 7.6 hours, leaving 22 compensable hours for drafting and filing the brief. [*Id*. at 6]

In the plaintiff's reply, Atkins contends that the administrative record's length—1,739 pages—justified the time spent reviewing it. [Record No. 20 at 3] She argues that "diligent review is necessary to avoid accidental waiver of viable arguments." [*Id*. at 5] Atkins also presents an argument based on "[s]cientific studies on reading speed," putting forth reading speed statistics to argue that time spent reading was reasonable. [*Id*. at 6] She further explains that, although the firm represented Riffe before the Appeals Counsel, the firm's Appeals Council briefs are "written by law students" and are "reviewed by an attorney who does not work in the federal court department." [*Id*. at 4] According to Atkins, the Appeals Council proceedings did not meaningfully prepare counsel to draft the federal court brief. [*Id*.]

After reviewing the administrative record and counsel's itemized time record, the Court agrees with the Commissioner and concludes that counsel has not satisfied her burden of demonstrating that 39.7 hours was a reasonable in this case. The Plaintiff's Brief totaled 15 pages, and the issues presented with neither complex nor unusual. Although Atkins contends

-6-

that a comprehensive review of the record was necessary to evaluate all potential claims, the Court finds that 29.6 hours spent preparing and filing the brief is unreasonable, given the limited complexity of the case.

The Court finds that the number of hours credited to reviewing and writing notes on the record should be **reduced by 7.6 hours**, to 22 hours, resulting in the total attorney time spent on the case amounting to 25.4 hours.  Accordingly, the Court will reduce the fee award by $1,944.84 (7.6 hours at $255.90 per hour).

The Commissioner also argues that several entries reflect clerical or administrative work that are not compensable under the EAJA, including downloading and bookmarking the administrative record, preparing correspondence, making telephone calls, and reviewing non-substantive CM/ECF notices.  [*Id.*] Accordingly, he requests a reduction of 3.2 paralegal hours and 2 attorney hours for non-compensable clerical work.  [*Id.* at 6–7] The Commissioner also challenges the 2.4 hours billed for preparing the EAJA motion, arguing that preparing EAJA petitions is largely repetitive and clerical because the supporting materials vary little from case to case.  [*Id.* at 8] Of course, Atkins responds that all the challenged tasks are compensable. [Record No. 20 at 7–9]

The Commissioner correctly notes that clerical tasks are not compensable under the EAJA.  *Dahlenburg v. Kijakazi*, 2022 WL 17177632, at *4 (E.D.Ky., 2022) (citing *Justice v. Colvin*, 2015 WL 4529118, at *3 (E.D. Ky. July 27, 2015)).  Clerical tasks include "receiving and preparing summons, preparing and filing proof of service, faxing documents, and scheduling hearing dates." *Id*. (citing *Justice*, 2015 WL 4529118 at *3); *see also Lay v. Astrue*, 2012 WL 5988822, at *5–6 (E.D. Ky. Nov. 29, 2012) ("Clerical work involves tasks that do

not require legal knowledge, such as filing motions, preparing or reviewing summons, and receiving and filing correspondence.").

Nevertheless, courts in this district have "repeatedly awarded attorney's fees for hours billed preparing EAJA motions." *Dahlenburg*, 2022 WL 17177632, at *4 (collecting cases). Time associated with preparing the motion for attorney's fees are compensable to the extent it is reasonable. However, Riffe seeks compensation for one hour of paralegal time for "EAJA preparation" and 0.9 paralegal hours for finalizing "EAJA motion, memorandum, time slips and exhibits, file per local rule (n/c for filling)." [Record Nos. 18-4 at 3 and 18-6 at 2] **These tasks are clerical or secretarial in nature and therefore are not compensable.** *See Hack*, 2026 WL 1396213, at *3 (finding the same billing entries submitted by the same plaintiff's counsel, Julie A. Atkins, to constitute clerical or secretarial work and thus not compensable) (citing *Plotecher*, 2019 WL 13213051, at *3 (finding that "letter writing, phone calls, and preparing initial EAJA documents," is "more properly considered clerical or secretarial and is not compensable.")). Accordingly, 1.9 hours allotted to preparing initial EAJA task and one hour associated with other clerical tasks are not compensable.

Courts within the Sixth Circuit have likewise held that receiving, reviewing, and processing files from the referral source constitutes clerical work because it "does not require substantive legal knowledge and is more akin to 'receiving and filing correspondence.'" *Banks v. Dudek*, 2025 WL 818186, at *6 (W.D.Ky., 2025) (citing *Warren v. Kijakazi*, 21-CV-68, 2022 WL 16948563, at *4 (E.D. Ky. Nov. 15, 2022); *Renee S. v. Comm'r of Soc. Sec.*, 2024 WL 2701701, at *4 (S.D. Ohio May 23, 2024)). Although a paralegal may need to identify documents for attorney review, the task itself does not require substantive legal analysis. Therefore, the 0.6 hours allotted to this task are not compensable under the EAJA.

-8-

Accordingly, the Court will strike 3.5 hours of paralegal time, leaving a total of 3.2 paralegal hours at a rate of $100 per hour, for a total of $320 for appropriate paralegal services.

**Additional Time Drafting Reply**

In his reply, Riffe argues that counsel should be compensated for the additional time spent drafting that pleading. [Record No. 20 at 9 (citing *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 157, 162 (1990) (all fee litigation is compensable))] Riffe requests .2 hours to review the Commissioner's response, 4.1 hours to research and draft the reply, .2 hours for senior attorney review of the reply, and .1 hours for implementing edits and finalizing the reply, for a total of 4.6 hours at a rate of $255.90 per hour. [*Id.*] The Commissioner has not challenged or sought leave to challenge the request for attorney hours associated with drafting the plaintiff's reply.

"A court may award fees for defending an EAJA award, including a reply brief." *Banks*, 2025 WL 818186, at *7 (quoting *Smith v. Comm'r of Soc. Sec.*, 14-CV-2571, 2015 WL 7774549, at *2 (N.D. Ohio Nov. 9, 2015)). Here, the Court finds the additional hours spent drafting the reply is reasonable and counsel may be compensated for an additional 4.6 hours at a rate of $255.90 per hour for her work. Accordingly, the fee award will be increased by $1,177.14.

Finally, a fee award under the EAJA must be paid directly to the plaintiff, not the plaintiff's attorney, unless the Commissioner determines that the plaintiff does not owe a debt subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act. *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010); *Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017). An "assignment of an EAJA award that predates the actual award is void." *Cox v. Astrue*, 917 F. Supp. 2d 659, 662 (E.D. Ky. 2013). In this case,

-9-

the Commissioner has not yet determined whether the plaintiff owes a debt that may be subject to offset. Therefore, the fee award should be paid directly to Riffe.

### III.

Based on the foregoing review and analysis, it is hereby

**ORDERED** that the plaintiff's motion for attorney's fees [Record No. 17] is **GRANTED**, in part, and **DENIED**, in part. Riffe is awarded $7,997.00 in fees under the Equal Access to Justice Act.

Dated: June 1, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky